[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S TO STRIKE SECOND COUNT OF THE COMPLAINT
The plaintiff claims to have sustained injuries as a result of a fall on a defective sidewalk in the city of Bridgeport. The complaint is in two counts.
In the first count, the plaintiff seeks damages pursuant to General Statutes Sec. 13a-149 which provides that "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
The second count is a common law claim of nuisance against the city for creating and permitting a public nuisance.
The defendant city has moved to strike the second count on the claim that, under tort reform, General Statutes Sec.52-557n(a)(1)(C) mandates the exclusive remedy for a claim of injury by means of a defective road is an action under the CT Page 1885 provisions of General Statutes Sec. 13a-149.
General Statutes Sec. 52-557n(a)(1)(C) reads, in pertinent part:
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
The plaintiff claims that the second count is neither insufficient nor excluded by Sec. 52-557n(a)(1)(C) because it alleges the positive acts of the city in crating and permitting the public nuisance.
There is no appellate court decision on whether Sec.52-557n(a)(1)(C) excludes all common law action based on nuisance, including positive acts by the defendant, when the nuisance is claimed to be a defective highway.
The trial level courts are split in their decisions. Several courts have followed the reasoning of Judge Cioffi in Kronenfeld, et al. v. City of Norwalk, 1 CtLR 103 (April 30, 1990), that a claim of nuisance based on allegations of positive acts is not excluded by General Statutes Sec. 52-557n(a)(1)(C). See, Testa v. Waterbury, 2 CtLR 438 (October 29, 1990, Murray, J.); Graham v. Bolton, 2 CtLR 438 (October 29, 1990, Scheinblum, J.); and, Stevens v. New Haven, 1 CtLR 483 (July 16, 1990, Koletsky, J.).
On the other hand, there are several cases in which the trial court has held that General Statutes Sec. 52-557n(a)(1)(C) precludes any claim for injuries caused by a defective highway other than under General Statutes Sec. 13a-149, including Tessitore v. Milford, 2 CtLR 234 (September 17, 1990, Hartmere, J.); Francois v. Norwalk, 1 CtLR 121 (April 30, 1990, Lewis, J.); Backer v. New Haven, 4 CSCR 784 (October 11, 1989, Hadden, J.); and, Berger v. Kramer, 2 CtLR 615 (December 10, 1990, McWeeny, J.).
When trial courts are divided on the meaning of a statute, the legislative history of that statute is of value. Judge Koletsky in Stevens, supra, has examined and set forth the legislative comments as well as the Supreme Court's interpretation of analogous statutes. His analysis and CT Page 1886 conclusion is persuasive that General Statutes Sec.52-557n(a)(1)(C) does not bar recovery of damages from a municipality under a common law claim of nuisance caused by the positive act of a municipality, especially when this section is read in the context of the entire Sec. 52-557n.
Since both parties are familiar with that case there is no need to quote it extensively except to say that this court adopts its reasoning.
In any event, absent a clear interpretation otherwise by an appellate tribunal, a litigant ought not to be deprived of the right to pursue a common law remedy unless there is a clear statutory mandate to the contrary.
The defendant's motion to strike the second count is denied.
Nigro, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1889